[No. 43691.    En Banc.    August 5, 1976.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSEPH E. ALCANTARA, *Appellant.*

*David Allen* of *Seattle-King County Public Defender,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Douglas J. Smith, Deputy,* for respondent.

HAMILTON, J.—This appeal concerns the constitutional validity of a statutory criminal presumption.

In September 1974, appellant, Joseph E. Alcantara, rented an automobile for 2 days from Compacts Only Rent-A-Car Company (Compacts). The following words were stamped on the rental agreement: "FAILURE TO RETURN RENTAL PROPERTY WITHIN 10 DAYS OF THE DUE DATE WILL RESULT IN CRIMINAL PROSECUTION." Appellant returned the car 2 weeks after the due date, and Compacts accepted payment for the entire period.

Appellant rented another automobile from Compacts, and he did not return this car on the October 2 due date. The manager called appellant's mother, and she told him her son was in Canada on business. His mother spoke to appellant during this period and apprised him of her conversation with the manager.

On October 22, 1974, the manager sent a certified letter, with return receipt requested, to the address on the rental agreement. The letter stated:

> If word has not been received by us or car returned within ten (10) days of this writing (October 22, 1974) the car will be reported as stolen and turned over to the police department for recovery.

Appellant's mother received the letter and related its contents to her son. Appellant informed his mother he would contact Compacts upon his return to Seattle, and his mother conveyed this message to the manager.

The manager telephoned the police on November 2, 1974, and reported the car stolen. Appellant arrived in Seattle on November 20, 1974. He testified that he contacted Compacts' office the next morning and told an employee he would return the car on the weekend.

On the same day, appellant was involved in a minor automobile accident. The other driver was at fault, and appellant asked a passerby to summon a policeman to secure an accident report for insurance purposes. A police officer responded to the scene of the accident, and appellant presented his driver's license and the rental agreement to the investigating officer. The officer noticed the October 2 return date on the rental agreement. He phoned Compacts to determine the status of the automobile. An employee of Compacts told the officer everything was all right. The officer concluded the investigation and permitted the drivers to leave the scene of the accident. Later that night, the manager of Compacts phoned the police station to inquire about the car. He informed the police his employee had given incorrect information to the officer, and he considered the car stolen as of November 2.

That same evening, officers entered a tavern and routinely examined appellant's identification for a liquor law violation. The officers also ran an arrest warrant check. Appellant had outstanding warrants for minor traffic tickets, and the officers arrested him. Before appellant was released on bail, the officers discovered he was in possession of the automobile which Compacts had reported stolen. The police rearrested appellant, and he was subsequently charged with larceny pursuant to RCW 9.54.010[1] and tried before a jury.

[1]"Every person who, with intent to deprive or defraud the owner thereof—

". . .

"(3) Having any property in his possession, custody or control, as bailee, factor, pledgee, servant, attorney, agent, employee, trustee, executor, administrator, guardian or officer of any person, estate, association or corporation, or as a public officer, or a person authorized by agreement or by competent authority to take or hold such possession,

During the trial, the judge gave the following instruction:

> Any person to whom a motor vehicle, or piece of machinery or equipment having a fair market value in excess of two thousand dollars, is delivered on a rental or lease basis under any agreement in writing providing for its return to a particular place at a particular time who refuses or willfully neglects to return such vehicle or piece of machinery or equipment after the expiration of a reasonable time after a notice in writing proved to have been duly mailed by registered or certified mail with return receipt requested addressed to the last known address of the person who rented or leased the motor vehicle, or piece of machinery or equipment shall be presumed to have intended to deprive or defraud the owner thereof within the meaning of RCW 9.54.010 defining the crime of larceny. This presumption may be rebutted by evidence creating a reasonable inference that the failure to return the vehicle or piece of machinery or equipment was not with the intent to defraud or otherwise deprive the owner of his property.

Instruction No. 15.

This instruction is identical to RCW 9.54.140.[2] The jury convicted appellant of larceny, and he appeals.

The sole issue before us is whether the instruction on the statutory presumption violated due process of law. In *Leary v. United States*, 395 U.S. 6, 36, 23 L. Ed. 2d 57, 89 S. Ct. 1532 (1969), the Supreme Court discussed the appropriate standards for measuring the validity of statutory presumptions and held

> that a criminal statutory presumption must be regarded

custody or control, or as a finder thereof, shall secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto; . . .

   ". . .

"Steals such property and shall be guilty of larceny." RCW 9.54.010.

[2]RCW 9.54.140 was repealed by Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.92.010(157), p. 858 (effective July 1, 1976). The legislature replaced this provision with RCW 9A.56.090 (Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.56.090, p. 844). The new provision is identical to RCW 9.54.140, except the new statute reduces the property valuation from $2,000 to $1,500.

as "irrational" or "arbitrary," and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend.

(Footnote omitted.) *Accord, Barnes v. United States*, 412 U.S. 837, 841-43, 37 L. Ed. 2d 380, 93 S. Ct. 2357 (1973); *Turner v. United States*, 396 U.S. 398, 24 L. Ed. 2d 610, 90 S. Ct. 642 (1970).

The court also indicated the due process clause may require a more stringent standard:

Since we find that the . . . presumption is unconstitutional under [the above more-likely-than-not] standard, we need not reach the question whether a criminal presumption which passes muster when so judged must also satisfy the criminal "reasonable doubt" standard if proof of the crime charged or an essential element thereof depends upon its use.

(Citations omitted.) *Leary v. United States, supra* n.64, at 36.

█ Even though the Supreme Court has not specifically interpreted the due process clause to require the beyond-a-reasonable-doubt standard, we adopted the stricter standard in *State v. Odom*, 83 Wn.2d 541, 548, 520 P.2d 152 (1974). *Accord, State v. Rogers*, 83 Wn.2d 553, 520 P.2d 159 (1974). Our position is supported by many legal commentators. Christie & Pye, *Presumptions and Assumptions in the Criminal Law: Another View*, 1970 Duke L.J. 919, 923-24; Holland & Chamberlin, *Statutory Criminal Presumptions: Proof Beyond a Reasonable Doubt?*, 7 Val. U.L. Rev. 147 (1973); Comment, *Criminal Statutory Presumptions and the Reasonable Doubt Standard of Proof: Is Due Process Overdue?*, 19 St. Louis L.J. 223 (1974); Comment, *Statutory Criminal Presumptions: Reconciling the Practical with the Sacrosanct*, 18 U.C.L.A. L. Rev. 157 (1970); Note, *The Unconstitutionality of Statutory Criminal Presumptions*, 22 Stan. L. Rev. 341 (1970).

Also, our adoption of the beyond-a-reasonable-doubt standard is consistent with the Supreme Court's decision in

*In re Winship*, 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970).

> Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.

If we apply the more-likely-than-not standard, the prosecution may prove an essential fact without meeting the *Winship* requirements. A jury could be induced to find that the presumed fact exists beyond a reasonable doubt on the basis of a general legislative belief that the presumed fact exists in only 51 percent of the cases in which the proven fact exists.

We, therefore, must consider the presumption contained in RCW 9.54.140 and determine whether the proven facts established the presumed fact beyond a reasonable doubt. RCW 9.54.140 is somewhat confusing and vague. It presumes intent to commit larceny if the defendant enters a written agreement to rent property valued at $2,000 and fails to return the property "after a notice in writing proved to have been duly mailed by registered or certified mail with return receipt requested addressed to the last known address of the person who rented or leased the [property]".

Courts utilize many sources of information to determine the validity of statutory presumptions. In *State v. Thomas*, 58 Wn.2d 746, 747, 364 P.2d 930 (1961), we utilized our own knowledge and experience to uphold the constitutionality of a criminal presumption. In *Leary v. United States, supra,* and *Turner v. United States, supra,* the Supreme Court examined the complete legislative history of the statutory presumption and all books, periodicals, and written materials which concerned the presumption. The Supreme Court "also considered more recent information, in order both to obtain a broader general background and to ascertain whether the intervening years have witnessed significant

changes which might bear upon the presumption's validity." (Footnote omitted.) *Leary v. United States, supra* at 38.

The record before us in this case does not contain any legislative history, empirical data, or evidence which establishes the factual basis for the presumption. However, common experience and the facts of this case illustrate the statute's deficiencies.

The statutory mailing procedure does not insure notice to the lessee. A certified letter mailed to the lessee's last known address may be signed and received by any person at the address. In this case, appellant's mother signed for the letter. Also, receipt of the letter and failure to return the property does not establish beyond a reasonable doubt the lessee's intent to commit larceny. The letter only provides the lessee with notice that the lessor may consider filing a criminal complaint. Prior dealings or transactions may indicate that the lessor will not file a complaint. In the instant case, appellant rented a car from Compacts in early September and returned it 2 weeks late. The rental agreement gave appellant notice of possible criminal prosecution for the late return of the car. Compacts, however, did not report the car stolen and accepted the car and the additional rental payment. Appellant could assume from this prior transaction that Compacts would only require him to return the car and pay the additional rental payment.

Appellant's actions also indicate the frailness of the presumed criminal intent. Appellant directed his mother to phone Compacts and inform them he would take care of the additional rental period. Upon his return to Seattle, he called Compacts and told an employee he would return the car on the weekend. When appellant was involved in the traffic accident, he asked a person to phone the police. He openly presented the rental agreement to the investigating officer. Also, he did not attempt to change the physical appearance of the car in any way. He did not alter the license plates, serial numbers, or registration of the car.

Finally, appellant testified he did not intend to steal the car and intended to pay for the additional rental period.

Thus, the proven facts in the instant case did not establish the presumed criminal intent beyond a reasonable doubt. And, common experience and knowledge of human frailties compels us to the conclusion that, on the average, negligent retention of leased equipment beyond the agreed upon return date does not reasonably import an intent to commit larceny. The statutory presumption must, therefore, fall because of its incapacity to meet the applicable constitutional standard. It follows that the giving of the challenged instruction was error. *State v. Odom, supra.*

The conviction is reversed, and the cause is remanded for a new trial.

STAFFORD, C.J., and ROSELLINI, HUNTER, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.