[No. 5018-44109-1.    Division One.    November 29, 1976.]

The State of Washington, *Respondent*, v. William Paul Stone, *Appellant*.

*McFarlane, Tomkins & Jacobs* and *D. Michael Tomkins* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Diane G. Geiger, Deputy*, for respondent.

Farris, J.—William Stone, following his conviction for unlawful possession of burglary tools in violation of RCW 9.19.050,[1] challenges the constitutionality of that statute by this appeal.

---

[1]On July 1, 1976, subsequent to Stone's conviction, RCW 9.19.050 was repealed by RCW 9A.98.010(48).

He alleges four grounds: (1) the statute improperly shifts the burden of proof as to intent, thereby permitting the State to convict without proving all elements of the crime beyond a reasonable doubt; (2) the presumed fact does not flow from the proven fact beyond a reasonable doubt; (3) the statute is vague and overbroad; and (4) the statute is an unreasonable exercise of police power. We affirm.

RCW 9.19.050 provides:

> Every person who shall make or mend or cause to be made or mended, or have in his possession in the day or nighttime, any engine, machine, tool, false key, pick lock, bit, nippers or implement adapted, designed or commonly used for the commission of burglary, larceny, or other crime, under circumstances evincing an intent to use or employ, or allow the same to be used or employed in the commission of a crime, or knowing that the same is intended to be so used, shall be guilty of a gross misdemeanor. The possession thereof except by a mechanic, artificer or tradesman at and in his established shop or place of business, open to public view, shall be prima facie evidence that such possession was had with intent to use or employ or allow the same to be used or employed in the commission of a crime.

In *State v. Palmer*, 2 Wn. App. 863, 471 P.2d 118 (1970), the constitutionality of the statute was upheld under similar attack. Nothing in *Mullaney v. Wilbur*, 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975) is contrary to what we said there. In *Mullaney*, the Supreme Court held unconstitutional a statute which conclusively implied malice aforethought in a murder prosecution unless the defendant could prove by a fair preponderance that the heat of passion or sudden provocation motivated the act. The court observed that prior cases had held that where the use of presumptions or inferences has the effect of requiring the defendant to present evidence contesting the otherwise presumed or inferred fact, certain due process requirements must be satisfied. *Mullaney v. Wilbur, supra* at 702-03, n.31. The difference between a presumption which satisfies those requirements and one that does not, without more, is

whether the ultimate burden of persuasion by proof beyond a reasonable doubt remains on the prosecution. The court held that a "conclusive presumption" which has the effect of requiring a defendant to affirmatively establish a fact otherwise the responsibility of the State does not, without more, satisfy those requirements.

RCW 9.19.050 neither relieves the State of its burden of persuasion beyond a reasonable doubt on the question of intent nor changes the presumption of innocence; proof of possession of burglary tools merely establishes prima facie evidence of intent. *State v. Palmer, supra.*

The other grounds for the appeal were resolved in *State v. Palmer, supra.* We find nothing in *State v. Alcantara,* 87 Wn.2d 393, 552 P.2d 1049 (1976) or *State v. Odom,* 83 Wn.2d 541, 520 P.2d 152 (1974), which requires a reevaluation of *Palmer.*

Affirmed.

SWANSON and CALLOW, JJ., concur.

Petition for rehearing denied January 13, 1977.

Review denied by Supreme Court May 25, 1977.