Thomas P. McGUINN, Plaintiff-Appellee,

v.

Roger W. CRIST, Warden of Montana State Penitentiary, Defendant-Appellant.

No. 80–3341.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 1981.

Decided Oct. 1, 1981.

As Amended on Denial of Rehearing Oct. 26, 1981.

John Maynard, Helena, Mont., for defendant-appellant.

Leonard H. Haxby, Haxby & Sweeney, Butte, Mont., argued, for plaintiff-appellee; Dan Sweeney, Haxby & Sweeney, Butte, Mont., on brief.

Before SNEED and BOOCHEVER, Circuit Judges, and CRAIG,* District Judge.

SNEED, Circuit Judge:

This is an appeal from the grant by the district court of the appellant's second petition for a writ of habeas corpus. We reverse and direct that the petition be denied.

## I. *FACTS*

Thomas McGuinn was convicted of committing deliberate homicide on Mrs. LaRae Alley by shooting her four times in the head with a revolver. Appellee McGuinn appealed to the Montana Supreme Court, but his conviction was affirmed and his petition for a rehearing was denied. *McGuinn v. State*, 177 Mont. 215, 581 P.2d 417 (1978). It was only after his conviction that appellee contested the jury instruction given at his trial. Appellee's challenge was based on *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), which disapproved the same jury instruction given in appellee's trial, *i. e.*, "The law presumes that a person intends the ordinary consequences of his voluntary acts." The appellee's challenge to this instruction was raised for the first time at his initial petition to the district court for a writ of habeas corpus. That petition was denied without prejudice to enable appellee to exhaust his state remedies. When appellee had exhausted these remedies, the district court granted his second petition for habeas corpus, and found that the contested jury instruction was a violation of due process.

* Honorable Walter E. Craig, Senior United States District Judge for the District of Arizo-    na, sitting by designation.

*McGuinn v. Crist*, 492 F.Supp. 478 (D.Mont. 1980). The state appealed, and this court has jurisdiction pursuant to 28 U.S.C. § 1291.

## II. ANALYSIS

A great deal of circumstantial evidence, detailed by the Montana Supreme Court, linked appellee with the commission of the offense. Among other things, it was revealed that appellee had the opportunity to kill the victim. The victim left her home at approximately 8:25 to 8:30 a.m. to deliver gasoline to her husband on Continental Drive. On the same morning appellee left a bar in Butte at approximately 7:30 a.m. His vehicle was seen on the road leading to the scene of the crime at approximately 8:00 a.m. Appellee's vehicle was again seen on the road driving from the scene of the crime toward Butte at a high rate of speed between 8:45 and 8:50 a.m.

The state produced evidence that appellee had the means to murder the victim. A consent search produced a box of bullets which were of the same type as those recovered from the victim. The search also produced a revolver which met the general description of the gun used, but which was not identified as the murder weapon.

In addition, impeaching evidence was given by appellee while testifying on his own behalf. At trial, appellee stated he went to a Mr. Roger's residence on Continental Drive. The state provided a prior statement taken by Sheriff Hagel where appellee denied making any trips on Continental Drive on the day of the shooting. Furthermore, during a swab test to determine the last time appellee fired a gun, he gave four separate stories concerning the last time he fired a gun. The final story was "two days ago," which was the day of the homicide.

Finally, appellee testified he barely knew the victim and had never socialized with her. On the other hand, two other witnesses testified not only that appellee knew the victim, but one of these witnesses even testified to seeing appellee and the victim walking arm-in-arm.

■ Thus, appellee was placed near the scene of the crime and was shown to have the means to commit the crime. Further-more, appellee cast doubt on his own plea of innocence by being impeached on topics closely related to his activities surrounding the crime. *McGuinn v. State*, 177 Mont. 215, 218–20, 581 P.2d 417, 419–20 (1978). Appellee, on the other hand, has maintained his innocence at all stages of the proceedings against him by contending that he was not present when the homicide was committed. The Montana Code § 45–5–102 defines the mental elements of deliberate homicide: "[C]riminal homicide constitutes deliberate homicide if: (a) it is committed purposely or knowingly . . . ." The question, therefore, that confronts this court is: Could any reasonable juror have found beyond a reasonable doubt on the evidence presented that McGuinn voluntarily committed the acts causing the death of Mrs. Alley without also inferring beyond a reasonable doubt that he committed these acts knowingly or purposely? If the proper answer is negative, then the error is harmless. If, on the other hand, it is affirmative, then we must affirm the district court. We hold the proper answer is negative.

The appellee, McGuinn, does not contest the finding by the jury that he voluntarily committed homicide. His challenge only concerns the jury instruction regarding the presumption of intention from the ordinary consequences of voluntary acts. The evidence before the jury revealed that Mrs. Alley was shot four times in the head at close range firmly negating any reasonable possibility that the killing occurred as a result of recklessness or negligence. In the absence of any positive contention to the contrary, it is inconceivable that any rational juror could have been convinced beyond a reasonable doubt that McGuinn killed Mrs. Alley without also being convinced beyond a reasonable doubt that he did so knowingly or purposely. Insofar as the jury would beyond a reasonable doubt have reached the same conclusion, even absent the disapproved jury instruction, the error complained of here is harmless.

■ It may also be argued, in the alternative, that a disapproved jury instruction concerning intention in a trial in which the intention of the accused was not an issue is harmless error beyond a reasonable doubt. When a jury is properly

instructed with respect to the only disputed issues in the case, the erroneous instruction with respect to an undisputed issue is harmless error. *Mason v. Balkcom*, 487 F.Supp. 554, 559 (M.D.Ga.1980). In *State v. Coleman*, 605 P.2d 1000 (Mont.1979), *cert. denied*, 446 U.S. 970, 100 S.Ct. 2952, 64 L.Ed.2d 831 (1980), one justice concurred in part and dissented in part, and found a difference in the harmful impact where a *Sandstrom* type instruction is read at a trial when the defense is alibi, as contrasted to a trial where a defendant maintains he had no intent to commit the killing. He stated: "There is a world of difference in these two defenses, and so is there a world of difference as to the potential impact of a Sandstrom-type instruction." *Id.* at 1059 (Shea, J., concurring in part and dissenting in part). Therefore, he found the instruction to only be a harmless error when the defense does not concern intent. *See also State v. Fitzpatrick*, 606 P.2d 1343, 1365 (Mont.), *cert. denied*, 449 U.S. 891, 101 S.Ct. 252, 66 L.Ed.2d 119 (1980) (Shea, J., concurring in part and dissenting in part).

For reasons stated herein, this court finds the error complained of to be harmless error beyond a reasonable doubt. Accordingly, the determination by the district court is reversed.

REVERSED.