MR. JUSTICE SHEA
dissenting:
I do not believe the accomplice testimony was sufficiently corroborated as a matter of law, and therefore, I would reverse and order the case dismissed. The so-called corroborating evidence in this case falls far short of what the California court has declared to be insufficient as a matter of law. See People v. D’Allesandro (1958), 163 Cal.App.2d 559, 329 P.2d 616.
On the other hand, I disagree with the majority that the defendant is entitled to a new trial solely because the jury was not instructed on the elements of deliberate homicide. The elements of this offense were not at issue in this case, and the failure to instruct the jury on them was therefore harmless error.
To prove deliberate homicide the State must prove that the person charged “purposely or knowingly” killed another. The issue in this case was not whether the defendant “purposely or knowingly” killed' his wife, and the issue was not whether the defendant had legal excuse or justification to kill his wife. The evidence was uncontroverted that someone “purposely or knowingly” killed his wife, and .the issue was not whether Forsyth. The question at trial was whether this defendant was in any way involved with that killing. The accomplice testified that he and the defendant planned the murder and that defendant actually fired the fatal shot. The defendant, on the other hand, testified that he and his wife were closing the bowling alley for the night. As he started to lock the front door, the door was jerked from his hand. He turned to warn his wife, was struck from behind, and knocked unconscious. And, of course, he denied that he and Douglas Richards had planned a murder.
At the conclusion of the trial, an instruction setting forth the elements of deliberate homicide was accepted by the trial court, but somehow this instruction was lost in the paper shuffle and it was not given to the jury. The defendant at no time brought this to the trial court’s attention, and both the State *259 and the defendant argued the case to the jury without any need to refer to the elements of deliberate homicide, for the elements of the crime were not at issue. The issue was simply whether defendant killed his wife.
Several jury instructions were given on the charge of deliberate homicide, although none of them set forth the elements. Instruction no. 8 stated that the defendant was accused of deliberate homicide and that the State must prove every material fact. Instruction no. 9 stated that the State must prove that each element of the offense was done purposely or knowingly. Instruction no. 10 told the jury that a material element of the offense is a voluntary act — that is, the act of killing must have been voluntary. The term “voluntary act” was defined for the jury. Further, this case was certainly not defended on the ground that the killing was either an accident or that the defendant somehow did not have the state of mind to commit the offense. Instruction no. 11 told the jury how the terms “purposely or knowingly” are proved:
“Purpose and knowledge are manifested by the circumstances connected with the offense. Purpose and knowledge need not be proved by direct evidence, but may be inferred from acts, conduct and circumstances appearing in the evidence.”
This Court has long adhered to the rule that it will not reverse a case for a new trial where the trial court failed to instruct the jury on a matter of law unless that failure is prejudicial to substantial rights of the appellant. Section 46-20-702, MCA; State v. Heiser (1965), 146 Mont. 413, 419, 407 P.2d 370, 373; State v. Bubnash (1963), 142 Mont. 377, 393, 382 P.2d 830, 838. See also McGuinn v. Crist (9th Cir. 1981), 657 F.2d 1107. In McGuinn the defense was alibi, and the defendant asserted that because the trial court gave the jury the impermissible Sandstrom instruction (declared unconstitutional in Sandstrom v. Montana (1979), 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39), he was entitled to a new trial. That instruction stated that “the law presumes that a person intends the ordinary consequences of his voluntary acts.” The Ninth Circuit, however, held this instruction to be harmless error *260 because it could not have had an effect on the jury’s decision. The victim had been shot four times in the head and had been very obviously murdered. The Court concluded that a reasonable juror could not have found beyond a reasonable doubt from the evidence that the defendant voluntarily committed the acts causing the victim’s death without also inferring beyond a reasonable doubt that he also committed these acts knowingly or purposely. The same thing occured here; the only question at trial was whether Jerry Forsyth killed his wife. An instruction setting forth the elements of deliberate homicide would not 'have affected a reasonable juror’s deliberations.
Although I have always been a stickler for proper jury instructions, I fail to see a basis for reversal on this ground where the only issue before the jury was whether the defendant participated in killing his wife. The defendant wanted the jury to believe that someone came into the bowling alley and knocked him unconscious and then murdered his wife. Douglas Richards had a different story, and the jury chose to believe it. Under these circumstances, the failure to instruct the jury on the essential elements of the crime, where they were not in issue, was harmless error.
Although I believe the failure to give an elements instruction was harmless error here, the fact that the trial court failed to follow the statutory procedure for settlement of jury instructions, cannot be ignored. Section 46-16-401(4Xd), MCA, requires a court reporter’s presence when instructions are settled; but a court reporter was not present when the instructions were settled.
Instructions were settled late in the evening, but no court reporter was present. It appears that both parties had offered instructions setting forth the elements of the offense, but there is no record of what happened to those offered instructions. And, in attempting to settle a bystander’s bill, the trial court could not recall the circumstances relating to these offered instructions. He stated that “at the time these discussions took place the court believes that midnight had passed and everyone was exhausted.” The attorneys could not agree *261 on what had happened to the offered instructions. And, of course, because of the failure to follow the statute, there is no record of what happened.
Before the case was argued to the jury the following morning, the parties went on record on the instructions that had been settled the night before, and the instructions did not include an elements instruction. Neither the trial court nor the attorneys noticed that an elements instruction had been omitted.
Had there been a record of the settling of the instructions the night before, the Court would have been able, before reading the instructions to the jury, to determine that for some reason the elements instruction had been omitted. The Court could then have rectified the situation by ordering an elements instruction to be prepared. The failure of the trial court to follow the statute certainly contributed to the failure to discover the omission of the elements instruction, and the omission of that elements instruction has ultimately led to the reversal of the defendant’s conviction. Section 46-16-401(4Xd) was meant to be followed. The trial courts should do so if they want to avoid results such as have occurred here.