**In the Matter of the Petition of Edwin Grant HAMILTON, Plaintiff-Appellant.**

No. 82–3093.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 8, 1983.

Decided Dec. 12, 1983.

Steve Roberts, Great Falls, Mont., for plaintiff-appellant.

Margaret M. Joyce Johnson, Helena, Mont., for the State of Montana.

Before WRIGHT, PREGERSON and FERGUSON, Circuit Judges.

PREGERSON, Circuit Judge:

Edwin Grant Hamilton, a Montana state prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He contends that the writ should issue because the state trial court erroneously instructed the jury in a homicide case that "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts." In *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), the Supreme Court held that this instruction is unconstitutional because it violates the Fourteenth Amendment's requirement that the State prove every element of a criminal offense beyond a reasonable doubt.[1]

---

1. The prosecutor insisted, over strenuous objection, that the challenged instruction be given. That insistence is hard to justify, given the fact that the instruction had been condemned by both federal and state courts for decades.

*See Sandstrom v. Montana*, 442 U.S. 510, 514 n. 3, 99 S.Ct. 2450, 2454 n. 3, 61 L.Ed.2d 39. Moreover, *Sandstrom* itself was on appeal from the Montana Supreme Court at the time this instruction was given to the Hamilton jury.

The district court agreed with the Montana Supreme Court that the error was harmless beyond a reasonable doubt and summarily dismissed Hamilton's habeas petition. Because we conclude that the *Sandstrom* error cannot be harmless beyond a reasonable doubt if criminal intent is at issue, we reverse and remand this matter to the district court for further proceedings consistent with this opinion.

### I

In 1978, Hamilton was convicted in Montana state court of mitigated deliberate homicide of his mother, Mabel Johnson, in violation of Mont.Code Ann. § 45–5–103. He appealed his conviction to the Montana Supreme Court. Before the appeal was decided, the United States Supreme Court issued its decision in *Sandstrom v. Montana.* The Montana Supreme Court ordered further oral argument and briefing in light of *Sandstrom* and then concluded that giving the unconstitutional instruction was harmless error beyond a reasonable doubt. The Montana Supreme Court reached this conclusion because it believed that evidence of Hamilton's intent was so overwhelming that no reasonable juror could have been influenced by the improper instruction. *State v. Hamilton,* 185 Mont. 522, 539, 605 P.2d 1121, 1131, *cert. denied,* 447 U.S. 924, 100 S.Ct. 3017, 65 L.Ed.2d 1117 (1980). Hamilton subsequently applied for a writ of habeas corpus under 28 U.S.C. § 2254 to the United States District Court for the District of Montana. That court dismissed his petition and Hamilton timely appeals.[2]

### II

It is axiomatic that the state must prove beyond a reasonable doubt every element of a crime charged. *In re Winship,* 397 U.S. 358, 361, 90 S.Ct. 1068, 1071, 25 L.Ed.2d 368 (1970). In *Sandstrom v. Montana,* the Supreme Court held that the due process requirement that the prosecution prove be-

yond a reasonable doubt every element of a crime charged was violated by the same instruction at issue here. The Court stated that a due process violation occurred because a reasonable juror might have viewed the condemned instruction as creating a conclusive presumption of intent or as shifting the burden of proof on intent to the defendant. 442 U.S. at 514–19, 99 S.Ct. at 2454–56.

In *Sandstrom,* the Supreme Court did not reach the question whether giving a jury the unconstitutional instruction could ever constitute harmless error beyond a reasonable doubt under *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). This unresolved question was examined by the Court in *Connecticut v. Johnson,* —— U.S. ——, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983), in which a plurality of four justices expressed the view that giving the instruction condemned in *Sandstrom* where intent is at issue deprived defendants of " 'constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.' " —— U.S. ——, 103 S.Ct. at 978 (quoting *Chapman v. California,* 386 U.S. 18, 23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967)). The plurality opinion, however, did not announce an automatic reversal rule and recognized that "[t]here may be rare situations in which the reviewing court can be confident that a *Sandstrom* error did not play any role in the jury's verdict," such as where intent was not in issue nor in dispute. —— U.S. at —— —— ——, 103 S.Ct. at 977–78. Justice Stevens concurred in the plurality opinion so that the decision of the Connecticut Supreme Court reversing the conviction could stand but expressed the view that a state's refusal to apply the harmless error rule does not raise a federal question. —— U.S. at —— ——, 103 S.Ct. at 978–79. Four justices declined to adopt what they perceived to be an automatic reversal rule. —— U.S. ——, 103 S.Ct. at 979.

---

**2.** Hamilton's habeas petition was prepared by his attorney Frank Kample, who died in an airplane crash. We then appointed Stephen D. Roberts to serve as Hamilton's counsel on ap-

peal. We commend Mr. Roberts for his superb presentation of the issues in his briefs and at oral argument.

In *Engle v. Koehler,* 707 F.2d 241 (6th Cir.1983), *cert. granted,* —— U.S. ——, 104 S.Ct. 231, 78 L.Ed.2d 224 (1983), decided after *Connecticut v. Johnson,* the Sixth Circuit held that *Sandstrom* error cannot be held harmless if intent is a disputed issue even if substantial proof of intent is offered at trial. The Sixth Circuit held that while *Sandstrom* errors are subject to harmless error analysis rather than automatic reversal, if intent is a disputed issue, the error cannot be harmless. 707 F.2d at 246. In *Engle v. Koehler,* the defendant, who had been laid off from his job, told his nephew that he was going to kill someone and later shot his former supervisor in front of several co-workers. At trial, the defendant denied having the requisite intent to sustain a murder conviction because of the combined effects of alcohol, librium pills, and mental disease. The trial court instructed the jury that "the law gives us a rule of thumb that a person is presumed to intend the natural consequences of his acts." 707 F.2d at 243. After holding this instruction "indistinguishable" from that invalidated in *Sandstrom,* 707 F.2d at 245, the Sixth Circuit noted that "if the defendant asserts lack of *mens rea,* a *Sandstrom* instruction can be extremely prejudicial even if overall proof of intent or malice is substantial." 707 F.2d at 246. At trial, the government presented strong evidence of Engle's criminal intent. Engle countered with psychiatric testimony that he was incapable of forming the requisite intent at the time of the shooting. The Sixth Circuit concluded that because the evidence as to *mens rea* was conflicting, the "burden-shifting presumption created by the [*Sandstrom*] instructions was not harmless." 707 F.2d at 246.

We believe that the Sixth Circuit's holding makes good sense. If a criminal defendant's intent is a disputed issue at trial, the reviewing court cannot rationally conclude beyond a reasonable doubt that an unconstitutional *Sandstrom* instruction given to a jury did not taint its verdict even if substantial evidence of intent exists. Moreover, one of our cases strongly suggests that *Sandstrom* error cannot be held harmless if intent is at issue. In *McGuinn v. Crist,* 657 F.2d 1107 (9th Cir.1981), *cert. denied,* 455 U.S. 990, 102 S.Ct. 1614, 71 L.Ed.2d 850 (1982), we held that giving a jury the disapproved *Sandstrom* instruction was harmless error only because the identity of the perpetrator, rather than his intent, was at issue. The defendant had not disputed the issue of intent and had instead relied upon an alibi defense.[3]

### III

Our holding that *Sandstrom* error cannot be harmless if intent is in dispute does not, however, dispose of this case because the parties disagree whether Hamilton's intent at the time of the homicide was a disputed issue at trial. Hamilton contends that intent was very much at issue. He asserts that he did not know what he was doing, that he did not recall the act, and that he did not knowingly or purposely kill his mother. Hamilton also presented psychiatric testimony as to his rather bizarre relationship with his mother as well as his history of alcoholism and blackouts from drinking relatively small amounts of alcohol. He also presented psychiatric testimony that at the time of the killing he suffered from a schizophrenic reaction and was subject to psychological stress with severe distortion of judgment and perception.

Montana, however, insists that intent was not at issue and that Hamilton's sole defense at trial was self-defense. In support of its assertion that intent was not at issue, Montana claims (1) that defense counsel introduced evidence regarding mental state solely to establish the reasonableness of Hamilton's action in self-defense; (2) that defense counsel never told the jury that intent was at issue; and (3) that the man-

---

3. After the Supreme Court handed down its decision in *Connecticut v. Johnson,* two circuits held *Sandstrom* error to be harmless after determining that intent was not at issue. *See McCorquodale v. Balkcom,* 705 F.2d 1553, 1556 (11th Cir.1983) (petition for rehearing en banc granted June 30, 1983); *Healy v. Maggio,* 706 F.2d 698, 702 (5th Cir.1983) (the defendant "did not testify and offered no witnesses to show that the homicide was other than intentional.").

ner in which the death occurred, i.e., manual strangulation, requires a finding of intentional homicide.

Hamilton replies that he raised both defenses at trial. He contends that neither he nor his defense counsel ever conceded that he purposely or knowingly caused the death of his mother, and that, in fact, his trial counsel "affirmatively made clear" that intent was an "actively contested issue." On the issue of intent, we note that the Montana Supreme Court stated: "[T]he only contested element is intent." 185 Mont. at 542, 605 P.2d at 1133.

Moreover, the record does not reveal clearly whether the district court independently reviewed the state court record in reaching its decision to concur with the Montana Supreme Court's finding of harmless error. In this regard, we note that our court requires a district court, when considering a state prisoner's habeas corpus petition to " 'make its determination as to the sufficiency of the state court findings from an independent review of the record, or otherwise grant a hearing and make its own finding on the merits.' " *Harris v. Pulley,* 692 F.2d 1189, 1199 (9th Cir.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 1425, 75 L.Ed.2d 787 (1983) and *cert. denied,* —— U.S. ——, 103 S.Ct. 1450, 75 L.Ed.2d 804 (1983) (quoting *Turner v. Chavez,* 586 F.2d 111, 112 (9th Cir.1978)). Furthermore, "[u]nless it is shown that the district court examined all relevant parts of the state court record, this court cannot affirm a district court's judgment dismissing a habeas corpus petition." *Harris,* 692 F.2d at 1199–200 (citing *Rhinehart v. Gunn,* 598 F.2d 557, 558 (9th Cir.1979)).

■ Having reviewed the matter on appeal, it appears that intent was a contested issue at trial. We feel it appropriate, however, for the district court, on remand, to make this important determination after an independent review of the state court record.

## IV

■ Even if intent is found to have been at issue at Hamilton's trial, Montana then argues that the error is nonetheless harmless in this case because the evidence of criminal intent is overwhelming. The Montana Supreme Court was of the view, and the district court agreed, that the error was harmless for that reason. On this point, however, we note that the *appropriate* inquiry is not whether there was abundant evidence upon which the jury could have based a guilty verdict but rather, whether any "reasonable juror could have given the presumption conclusive or persuasion-shifting effect . . . ." *Sandstrom,* 442 U.S. at 519, 99 S.Ct. at 2456. This is the inquiry addressed by the Sixth Circuit in *Engle v. Koehler,* where evidence of criminal intent was, if anything, stronger than in the present case. 707 F.2d at 244. Because we have held that a reviewing court cannot rationally conclude beyond a reasonable doubt that a juror did not rely on an unconstitutional *Sandstrom* instruction where intent is a disputed issue, Montana's reliance on the weight of the evidence as to Hamilton's intent is misplaced.

## V

On remand the district court should independently review the state court record to determine whether intent was in fact a disputed issue in Hamilton's trial. If it was, the district court should issue the writ of habeas corpus because we have held that a court cannot rationally conclude beyond a reasonable doubt that an unconstitutional *Sandstrom* instruction did not taint the jury's verdict. If intent was not at issue, the district court should then determine from an independent review of the record whether the error was harmless beyond a reasonable doubt.

REVERSED AND REMANDED.