**Richard L. CHURCH,
Plaintiff-Appellant,**

v.

**Lawrence R. KINCHELOE, Supt.,
Defendant-Appellee.**

No. 83-4247.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 2, 1984.

Decided Aug. 1, 1985.

Boochever, Circuit Judge, dissented and filed opinion.

Richard L. Church, Walla Walla, Wash., Robert H. Whaley, Spokane, Wash., plaintiff-appellant.

Douglas D. Walsh, Dept. of Correction, Olympia, Wash., for defendant-appellee.

Before GOODWIN, POOLE and BOO-CHEVER, Circuit Judges.

POOLE, Circuit Judge:

Richard L. Church appeals the district court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254. His first contention was that the trial court deprived him of due process as laid down in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), by in-structing the jury that "the law presumes that every person intends the natural and probable consequences of their own acts." Next, he contended that his counsel's failure to challenge the burden shifting instruction both at trial and on appeal constituted ineffective assistance of counsel. Third, he claims that his counsel's failure to object to the use of prior guilty pleas at the habitual offender proceeding also constituted ineffective assistance of counsel. Church appeals the dismissal of his petition on all of these grounds.

After Church was found guilty in state court of two counts of unlawful imprisonment[1] and one count of second degree assault,[2] he was convicted of being a habitual criminal under the Washington habitual criminal statute. Wash.Rev.Code § 9.92.-090 (1974). He received a suspended sentence of life imprisonment which was subsequently revoked for misconduct. On appeal the Washington Court of Appeals held that one of the unlawful imprisonment counts merged with the second degree assault count; it affirmed the other two counts.

The evidence at trial showed that Church and a companion entered a taxi cab at the Red Barn restaurant in Thurston County, Washington to go to Kelso, Washington in Cowlitz County. David Justus drove the cab; he was accompanied by his fiancee, Dena Marie Uhacz (now Dena Marie Justus). Church and companion were drinking from a bottle and appeared intoxicated. The cab headed south on Interstate 5 until Church asked the cab driver to stop at a service station so that he could use the restroom. The driver stopped the cab as requested. Although the restroom was located approximately 20 feet away from the cab, Church had trouble locating it. He was staggering and needed physical support to get to and from the restroom. After returning to the cab, Church fell asleep or passed out as the cab continued south on Interstate 5.

---

1. Wash.Rev.Code § 9A.40.040 (1974).

2. Wash.Rev.Code § 9A.36.020 (1974).

When Church awoke, he believed that the cab was traveling in the wrong direction. He told the driver to pull over and turn around. When the driver tried to convince Church that the cab was proceeding in the proper direction,. Church grabbed for the keys and struck the driver several times in the head. After the driver started to turn around, Church threatened to shoot him and his fiancee. Subsequently, the driver convinced Church that they were then proceeding in the wrong direction. The driver was permitted to turn the cab around, and then took Church to his residence in Kelso. Church wrote a check for the fare, added a large tip, and asked the driver not to talk to the police.

**Intent Instruction**

Church was charged with two crimes requiring a specific mental state: unlawful imprisonment, which requires that defendant "knowingly" restrain another person, Wash.Rev.Code § 9A.40.040 (1974), and assault in the second degree, which requires that the defendant "knowingly assault another with intent to commit a felony," Wash.Rev.Code § 9A.36.020(1)(d) (1974). The judge instructed the jury that "the law presumes that every person intends the natural and probable consequences of their own acts." Church's lawyer did not object to the instruction either at trial or on direct appeal.

The due process clause of the Fourteenth Amendment mandates that the State prove the existence of every element of a criminal offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). When a defendant's state of mind or intent is an element of an offense, the determination of that element cannot be taken from the jury by an instruction allowing the jury to presume its existence. *Sandstrom v. Montana*, 442 U.S. 510, 523–24, 99 S.Ct. 2450, 2458–59, 61 L.Ed.2d 39 (1979). The jury is likely to interpret such an instruction either as conclusive or as shifting the burden of disproving intent to the defendant. *Id.* at 517, 99 S.Ct. at 2455. Either interpretation would violate the defendant's right to due process of law. *Id.* at 524, 99 S.Ct. at 2459.

An erroneous instruction allowing the trier of fact to presume the existence of a disputed element of the crime renders irrelevant the evidence on the issue because the jury may have relied upon the presumption rather than determining that fact. *Connecticut v. Johnson*, 460 U.S. 73, 85, 103 S.Ct. 969, 976, 74 L.Ed.2d 823 (1983) (plurality opinion). Where, however, the defendant has conceded intent at trial, as by a defense of alibi, insanity or self-defense, the error in the instruction may be considered harmless under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *Connecticut v. Johnson*, 460 U.S. at 87, 103 S.Ct. at 977. A *Sandstrom* instruction may be considered harmless error if intent is not in dispute at trial. *See In re Hamilton*, 721 F.2d 1189, 1191 (9th Cir.1983).

The State concedes that the instruction given by the trial judge violates the rule in *Sandstrom*. It contends that the instruction was harmless error under *Johnson* because Church and his trial counsel did not dispute intent. Church argues that intent was in dispute.

Our review of the state court record supports the State's position that intent was not disputed by Church at trial. It was not Church's defense that by reason of intoxication he lacked the state of mind required, that is the ability "knowingly" to commit the offense of unlawful restraint, or "knowingly" to assault with intent to commit a felony. Rather, his strategy on cross-examination and during closing argument was to show that by reason of intoxication and confusion he honestly thought the driver was taking the wrong direction. He argued that, had the facts been as he mistakenly believed, he would have had the right to insist that the driver reverse course and go the "right" way and further, that he would have been justified in believing that the driver's insistence upon taking him in a direction "against his will" was in fact a wrongful restraint which he could physically resist.

The *Sandstrom* instruction that "the law presumes that every person intends the natural and probable consequences of their own acts," was, in fact, consistent with Church's theory of the case. Church's argument conceded that he mentally intended to do the physical acts which normally constitute unlawful imprisonment: he intended to force the cab driver to turn around and drive in the opposite direction. He hoped to convince the jury that his honest but mistaken belief that the cab was going the wrong way constituted an honest mistake of fact which undermined the wrongfulness of his conduct and thus vitiated its criminality. Therefore, he was excused from the commission of assault and false imprisonment. In other words, his drinking led him to a mistake as to the actual facts. He mistakenly believed the driver was taking the wrong direction. Had these facts been true, he would have had a right to order the driver to reverse course. His defense, thus, was that he acted under mistake. He did not dispute that his intent was to use force to compel the driver to turn around. The issue was as to the reality of his justification. Given such a defense, we conclude that the instruction was "harmless beyond a reasonable doubt" because we are "confident that a *Sandstrom* error did not play any role in the jury's verdict." *Connecticut v. Johnson*, 460 U.S. at 87, 103 S.Ct. at 977.

**Ineffective assistance of counsel**

Church claims that, in devising and presenting the above defense, his trial counsel was incompetent, whereas the Sixth Amendment guarantees a criminal defendant the assistance of a reasonably competent attorney. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *Cooper v. Fitzharris*, 586 F.2d 1325, 1330–31 (9th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979).

■ The benchmark for judging any claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland*, 466 U.S. at ——, 104 S.Ct. at 2064. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. The defendant must first show that his counsel's performance fell below that required of a reasonably competent criminal defense attorney. The defendant must also show that his counsel's conduct prejudiced the defense. *Id.* at ——, 104 S.Ct. at 2064; *People of the Territory of Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir.1984). The test for prejudice is whether there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at ——, 104 S.Ct. at 2068. The principles governing ineffectiveness claims apply in federal collateral proceedings as they do on direct appeal or in motions for a new trial. *Id.* at ——, 104 S.Ct. at 2070.

■ Church contends that, whatever may have been counsel's strategy, his failure to object to the *Sandstrom* instruction at trial and on appeal amounted to ineffective assistance of counsel. We disagree. *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), was decided on June 18, 1979, after Church had been convicted and while the case was on appeal. Even if we agreed with Church that a reasonably competent criminal defense attorney might have foreseen that the instruction would be declared unconstitutional, such an attorney would not necessarily have objected to the instruction. The asserted defense was novel, but juries have been known to be persuaded by less. The gamble for success embraced not disputing intent at trial. Thus his counsel had no reason to object to the instruction; the instruction was not inconsistent with his defense. The jury conceivably might have believed the defense. That a strategy is ultimately unsuccessful does not prove incompetence.

In any event, Church fails on the prejudice prong of his claim because we have already held that the trial court's error in giving the instruction was harmless beyond a reasonable doubt.

 Church also contends that his counsel's failure to object to the use of prior guilty pleas at the habitual offender proceeding constituted ineffective assistance of counsel. Church alleges that counsel failed to inquire whether the pleas were voluntary and knowing as required by *State v. Holsworth*, 93 Wash.2d 148, 607 P.2d 845 (1980) (en banc). But Church does not contend that his pleas were in fact involuntary or made unknowingly. Therefore, he fails to make the showing necessary to establish a claim of ineffective assistance of counsel.

AFFIRMED.

BOOCHEVER, Circuit Judge, dissenting:

I dissent because I believe there was ineffective assistance of counsel. Counsel should have objected to the intent instruction as violating the *Sandstrom* rule.[1] The only excuse given for failing to make that objection is that counsel hoped to convince the jury that Church had an honest but mistaken belief that the cab was going the wrong way. As stated by the government,

the evidence of intoxication ... was offered to show how appellant subjectively believed that the taxicab was proceeding in the wrong direction, thereby substantiating the defense theory that he was justified in: 1) ordering the taxicab to be turned around; 2) reaching over and grabbing the keys; 3) inflicting blows

and choke marks upon the taxi driver; and 4) threatening to shoot the taxi driver and his fiance.

The entire defense thus depended upon Church not knowing which direction the cab was driving because of his voluntary intoxication. The trouble with this theory is that it is completely at odds with Washington law. In *State v. Mriglot*, 88 Wash.2d 573, 574–75, 564 P.2d 784, 785–86 (1977) (footnote omitted), the court held:

The Court of Appeals correctly states that voluntary intoxication does not render an act less criminal. Although it does not excuse the criminality of the act, it may be considered as tending to negate specific intent when intent is a necessary element of a particular offense or degree of offense. The theory is not that voluntary drunkenness excuses the criminal conduct but that, if the offense charged requires a specific intent, the defendant cannot be guilty if he was too intoxicated at the time to have any such intent and had not entertained such intent prior to his intoxication.

The government did not charge Church with the obvious offense of simple assault. Such an offense is not easily excused because of intoxication. Little brain direction is required to deliver a blow. Here, however, the government charged Church with the much more serious and complex crimes of unlawful imprisonment and assault in the second degree. As pointed out by the majority, unlawful imprisonment requires that the defendant "knowingly" restrain another person, and assault in the second degree requires a knowing assault of another "with intent to commit a felony."

---

1. Counsel should have been alerted to the unconstitutionality of the intent instruction. Although *Sandstrom* was not announced until after the trial ended, other Washington and federal court decisions had already indicated the invalidity of burden-shifting instructions. *See United States v. United States Gypsum Co.*, 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978); *Mullaney v. Wilbur*, 421 U.S. 684, 700–01, 95 S.Ct. 1881, 1890, 44 L.Ed.2d 508 (1975); *United States v. Haldeman*, 559 F.2d 31, 116 (1976), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977); *Cohen v. United States*, 378 F.2d 751, 755 (9th Cir.), *cert. denied*, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967); *United States v. Barash*, 365 F.2d 395, 402 (2d Cir.1966); *United States v. Raleford*, 352 F.2d 36, 40 (6th Cir.1965), *cert. denied*, 382 U.S. 984, 86 S.Ct. 562, 15 L.Ed.2d 473 (1966); *Mann v. United States*, 319 F.2d 404, 409 (5th Cir.1963), *cert. denied*, 375 U.S. 986, 84 S.Ct. 520, 11 L.Ed.2d 474 (1964); *Chappell v. United States*, 270 F.2d 274, 279–80 (1959); *State v. Roberts*, 88 Wash.2d 337, 562 P.2d 1259, 1261–63 (1977); *State v. Kroll*, 87 Wash.2d 829, 558 P.2d 173, 181–82 (1977); *State v. Alcantara*, 87 Wash.2d 393, 552 P.2d 1049, 1050–51 (1976); *State v. Odom*, 83 Wash.2d 541, 520 P.2d 152, 155–56 (1974).

Wash.Rev.Code §§ 9A.40.040, 9A.36.-020(1)(d). Thus, under Washington law, Church's voluntary intoxication could have been a complete defense to both crimes charged, if he was so intoxicated as to negate the specific intent required for each crime. The evidence introduced established that Church was extremely drunk and would have strongly supported this theory.

In my opinion the only plausible defense that a competent attorney would have made in this case would be based on the absence of criminal intent due to intoxication. Moreover, this is a case where counsel's ineffectiveness could well have had a direct effect on the outcome because defendant was deprived of a proper instruction to the jury on the issue of whether he did have the specific intent required for the crime.

The Supreme Court has mandated a strict standard for ineffective assistance of counsel. A defendant must show that counsel's errors or omissions reflect a failure to exercise the skill, judgment, or diligence of a reasonably competent criminal defense attorney, and it must appear that defendant was prejudiced by counsel's conduct. *Strickland*, 104 S.Ct. at 2064. Seldom can an appeals court say with certainty that counsel's performance fell below this standard, but I believe that this is one such case.

The only defense which counsel attempted on Church's behalf was contrary to Washington law. Additionally, counsel failed to assert the lack of specific intent as a defense, even though both crimes charged clearly required specific intent and Church's level of intoxication strongly suggested that such a defense could be successful. Finally, there is nothing inconsistent in contending that the defendant was so intoxicated that he could not have formed the requisite intent and also contending that he was so intoxicated that he honestly believed that the vehicle was go-

ing in the wrong direction. Thus, even assuming that counsel's theory had some hope of success, it would not have been weakened by arguing that there was an absence of the requisite intent because of intoxication. Effective assistance of counsel requires use of alternate theories if they are available.

I believe that the *Strickland* test is satisfied in this case and I therefore respectfully dissent.