21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Respondent-Appellee,
v.
John Wesley HELMS, Petitioner-Appellant.
 No. 92-56533.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1994.*
Decided April 6, 1994.
 
 1
 Before: WIGGINS and T.G. NELSON, Circuit Judges, and REED,** District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner appeals from the district court's denial of his 28 U.S.C. Sec. 2255 motion. On July 19, 1990 petitioner was convicted of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a), (d). The district court sentenced petitioner to 262 months in prison, to be followed by five years of supervised release. We affirmed petitioner's conviction and sentence.
 
 
 4
 On August 12, 1992, petitioner Helms filed a motion pursuant to 28 U.S.C. Sec. 2255 to vacate or set-aside his sentence. The motion was denied by order of the district court dated October 27, 1992. Judgment was entered on October 28, 1992. Appellant filed a timely notice of appeal on November 12, 1992. This Court has jurisdiction over the district court's denial of Helm's motion to vacate or set-aside his sentence.
 
 
 5
 Matters became somewhat confused in that after the filing of the notice of appeal on November 12, 1992, petitioner filed a request for reconsideration (on December 1, 1992) of the district court's October 27, 1992 order. The district court allowed petitioner to resubmit his reply brief, apparently not previously considered by the court. Ultimately, the District court denied petitioner's request for reconsideration on April 29, 1993. However, the district court did not have jurisdiction to decide the motion to reconsider because the case was already on appeal. The general rule in this circuit is that the filing of a notice of appeal divests the district court of jurisdiction to dispose of the motion after an appeal has been taken without a remand from this court. See Smith v. Lujan, 588 F.2d 1304, 1307 (9th Cir.1979); Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984). Therefore, this Court considers petitioner's appeal from judgment entered on October 28, 1992. Judgment was entered pursuant to the district court's order denying petitioner's 28 U.S.C. Sec. 2255 motion to vacate or set-aside his sentence. Petitioner's motion is based on a claim of ineffective assistance of counsel. In entertaining this appeal, we do not take into consideration any decision made by the district court after it had been divested of jurisdiction.
 
 
 6
 We find that the district court did not err in its original order of October 27, 1992 denying the petition.
 
 
 7
 Despite the liberal reading we afford pro se petitions, petitioner's arguments that representation by defense counsel was ineffective and therefore in violation of his Sixth Amendment right to counsel are without merit. Petitioner argues that his legal representation was deficient because: 1) defense counsel failed to move for a mistrial following the district court's striking of identification testimony from three government witnesses; 2) counsel failed to pursue a pretrial ruling as to the admissibility of identification testimony from a fourth government witness; 3) counsel failed to attack the constitutional validity of a prior conviction; 4) counsel failed to object to the relevance of testimony from the arresting officer concerning radio communications received from a police helicopter; and 5) defense counsel failed to require the government to present a certificate to prove the victim bank was federally insured.
 
 
 8
 A claim of ineffective assistance of counsel is a mixed question of law and fact reviewed de novo. United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989). In order for the petitioner to successfully allege ineffective assistance of counsel, he must first show that (1) counsel's representation fell below an objective standard of reasonableness and then, (2) that counsel's errors were so serious as to deprive the petitioner of a fair and reliable trial. Strickland v. Washington, 466 U.S. 668 (1984). Petitioner does not manage to reach the first prong of the test with regard to any of his arguments.
 
 
 9
 Defense counsel chose not to move for a mistrial in district court. It would be a rare case in which the merits of a mistrial motion were so clear that counsel's failure to make the motion would amount to ineffective assistance. It is clear from the record that this decision was tactical and not due to counsel's ignorance or misapplication of the law. A tactical decision made by counsel with which the petitioner disagrees cannot form the basis of a claim for ineffective assistance of counsel. Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984); Church v. Kincheloe, 767 F.2d 639, 643 (9th Cir.1984) cert. denied, 478 U.S. 1022 (1986) overruled on other grounds, McKenzie v. Risley, 842 F.2d 1525, 1532 (9th Cir.), cert. denied, 488 U.S. 901 (1988).
 
 
 10
 At the time the court made its ruling striking the identification testimony of three government witnesses regarding the facts and circumstances surrounding petitioner's involvement in the robbery, the testimony of those witnesses had been effectively impeached by defense counsel. In addition, upon ruling that the eyewitness identification testimony be stricken, the court issued an appropriate cautionary instruction to the jury. Counsel's decision not to move for mistrial was not below an objective standard of reasonableness given the circumstances of this case.
 
 
 11
 Petitioner's argument that counsel's failure to pursue a pretrial ruling on a motion to suppress the identification testimony of a witness (Ms. Yu) is also meritless. Rulings on a motion to suppress may be deferred so long as the petitioner's right to appeal is not adversely affected. Fed.R.Crim.P. 12(e). The district court addressed the issue of the admissibility of the witness's identification testimony following her testimony during trial and found it admissible. The Ninth Circuit affirmed the decision of the district court on appeal. Defense counsel did not fall below the standard of reasonableness by not pursuing a pretrial ruling; nor was the petitioner prejudiced.
 
 
 12
 Petitioner argued that counsel failed to investigate and attack the constitutional validity of a prior conviction which caused petitioner to be categorized as a career offender. The record shows that the conviction in question, obtained by a guilty plea from the petitioner, was constitutionally valid. Petitioner argues that he was not advised that the conviction could later be used to bring him within the purview of the Federal Sentencing Guidelines' Career Offender provision. While a defendant must be informed of the direct consequences of his guilty plea, it is not necessary for him to be informed of all the possible collateral consequences. For example, it is not necessary to inform the defendant of the possibility of revocation of parole; the possibility that a federal sentence might run consecutive to a state sentence; the possibility of deportation; or the likelihood of an undesirable military discharge. U.S. v. King, 618 F.2d 550, 552 (9th Cir.1980); see also United States v. Edwards, 911 F.2d 1031, 1034-35 (5th Cir.1990) (use of state conviction to enhance the sentence imposed in a subsequent federal proceeding held to be collateral consequence).
 
 
 13
 Thus, even if counsel had failed to investigate the constitutional validity of the conviction, such failure would not constitute ineffective assistance of counsel.
 
 
 14
 Petitioner argues that defense counsel erred in failing to object to the arresting officer's testimony concerning radio communication received from a police helicopter immediately after the robbery during the chase of the bank robber. Defense counsel raised a hearsay objection to the testimony received from the helicopter which was overruled on the basis that relevant statements are admissible notwithstanding the hearsay rule when offered for a purpose other than the proof of the matter asserted. The evidence was clearly relevant in that it demonstrated how the petitioner came to be arrested and why the arresting officer acted as he did. Defense counsel did not fall below the reasonable objective standard in declining to make a meritless objection as to the validity of the testimony from the police helicopter at the time of the chase.
 
 
 15
 Finally, petitioner's argument that his counsel erred in failing to require the government to present a certificate as proof that the bank was federally insured is frivolous. In this case the Vice President and Customer Service Manager testified that the bank was federally insured. The Ninth Circuit has held that federal insurance may be proven through the uncontroverted testimony of a bank officer or other person with knowledge. See United States v. Campbell, 616 F.2d 1151, 1153 (9th Cir.) cert. denied, 447 U.S. 910 (1980). Like any other element of the offense, the fact that the bank is federally insured may be proven by circumstantial evidence as well as by direct evidence, so long as the jury could infer from the evidence presented, beyond a reasonable doubt, that the bank was federally insured. U.S. v. Bellucci, 995 F.2d 157, 160. (9th Cir.1993). Petitioner's counsel did not fall below the reasonable standard of representation by failing to require the government to provide the FDIC certificate of insurance.
 
 
 16
 Accordingly, the district court's denial of petitioner's motion to vacate of set aside his sentence is AFFIRMED.
 
 
 
 *
 The Panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, oral argument is denied
 
 
 **
 The Honorable Edward C. Reed, Jr., Senior United States District Judge, District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3