STATE OF MONTANA, PLAINTIFF AND PETITIONER, *v.* LESTER C. TOLLEFSON, DEFENDANT AND RESPONDENT.

No. 89-417.
Decided Sept. 21, 1989.
Rehearing Denied Oct. 31, 1989.
780 P.2d 621.

## ORDER AND OPINION

This matter is before the Court on the application of the State of Montana for a writ of supervisory control. The State seeks review of an order of the Justice Court, Missoula County. That court, in rul-

ing upon defendant's motion in limine, found unconstitutional § 61-8-401(4)(c), MCA, on the presumptive effect of blood alcohol content in a DUI case. Lester C. Tollefson has filed a response to the State's application for supervisory control.

■ Supervisory control is sometimes justified where there is no remedy by appeal or other remedial procedure to provide relief and where extraordinary circumstances are present. Rule 17, M.R.App.P.; *State v. District Court* (Mont. 1981), [_____ Mont. _____,] 632 P.2d 318, 322, 38 St.Rep. 1204, 1208. The parties to this case agree that this Court should take supervisory control.

A disturbing aspect of this case is that there is no record because the case comes to us from Justice Court. Adequate review of a question of constitutional magnitude is difficult at best under these circumstances. We therefore question whether a justice court can be a proper forum for consideration of the constitutionality of a statute. However, because the State may not appeal the ruling of the Justice Court and because of the statewide significance of the issue involved, the Court concludes that supervisory control is justified.

Section 62-8-401(4)(c), MCA, provides:

"(4) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person driving or in actual physical control of a vehicle while under the influence of alcohol, the concentration of alcohol in the person's blood at the time alleged, as shown by chemical analysis of the person's blood, urine, breath, or other bodily substance, shall give rise to the following presumptions:

". . .

"(c) If there was at that time an alcohol concentration of 0.10 or more, it shall be presumed that the person was under the influence of alcohol. Such presumption is rebuttable."

The Justice Court found that the statutory language "it shall be presumed that the person was under the influence of alcohol" relieved the State from being required to prove every element of a criminal case beyond a reasonable doubt. Relying on *Sandstrom v. State of Montana* (1979), 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39, and other cases, the court then declared § 61-8-401(4)(c), MCA, unconstitutional.

■ When interpretations of a statute may vary, courts will choose a constitutional interpretation over an unconstitutional one. *Department of State Lands v. Pettibone* (1985), 216 Mont. 361, 374, 702 P.2d 948, 956. In construing statutes nearly identical to the

challenged statute, several state courts have found those statutes to be constitutional. *Barnes v. People* (Colo. 1987), 735 P.2d 869; *State v. Dacey* (1980), 138 Vt. 491, 418 A.2d 856; *State v. Coates* (1977), 17 Wash.App. 415, 563 P.2d 208; *Commonwealth v. DiFrancesco* (1974), 458 Pa. 188, 329 A.2d 204. The above state courts have interpreted the language used in their statutes to create a permissive inference, not a mandatory presumption.

For purpose of this case, we interpret § 61-8-401(4)(c), MCA, to create a permissive inference that the person was under the influence of alcohol. We reverse the Justice Court's declaration of unconstitutionality and we direct the court to deny defendant's motion in limine to exclude evidence of blood alcohol content. Because our ruling is for purposes of this case only, this issue may be reraised in the event defendant is convicted and obtains a trial de novo in district court.

DATED this 21st day of September, 1989.

s/J.A. Turnage, Chief Justice
s/John Conway Harrison, Justice
s/John C. Sheehy, Justice
s/Fred J. Weber, Justice
s/William E. Hunt, Justice
s/R.C. McDonough, Justice
s/Diane G. Barz, Justice