John LILBURN, Plaintiff,

v.

Marc RACICOT, Attorney General of Montana, Mike Salvagni, Gallatin County Attorney; K.L. COOL, Director of Montana Department of Fish, Wildlife and Parks, and George Hubbard, Warden Captain, Montana Department of Fish, Wildlife and Parks, Defendants.

No. CV 90–56–M–CCL.

United States District Court, D. Montana, Missoula Division.

Jan. 22, 1991.

**328**

Noel K. Larrivee, Missoula, MT, for plaintiff.

Marc Racicot, Helena, MT, Mike Salvagni, Gallatin County Attorney's Office, Bozeman, MT, for defendants.

## ORDER

LOVELL, District Judge.

### BACKGROUND

On March 13, 1990, Gallatin County Attorney Mike Salvagni, filed a complaint against John Lilburn in Gallatin Justice Court on behalf of the State of Montana alleging that John Lilburn committed the offense of harassment, a misdemeanor offense, in violation of Montana Code Annotated 87-3-142(3). The complaint alleges that John Lilburn purposely or knowingly disturbed an individual engaged in the lawful taking of a wild animal, specifically a buffalo which had traveled beyond the boundaries of Yellowstone National Park. The complaint states that Lilburn disturbed the hunter with the intent to dissuade or otherwise prevent the taking of the buffalo when Lilburn placed himself between the buffalo and the hunter who was aiming a loaded rifle at the buffalo.

Following the filing of the complaint in Gallatin County Justice Court, Lilburn filed this action against the Attorney General, the Gallatin County Attorney, and the Department of Fish, Wildlife, and Parks alleging his civil rights were violated when he was arrested by state officials for violating an allegedly unconstitutional state law. Plaintiff Lilburn states the Hunter Harassment Act is unconstitutionally vague in that it fails to define prohibited conduct with any degree of specificity and is overbroad in that it forecloses his right to exercise free speech in violation of the First Amendment. Plaintiff seeks declaratory judgment that the Act is unconstitutional on its face or is unconstitutionally applied against him; injunctive relief restraining defendants from enforcing the act; and recovery of attorney's fees pursuant to 42 U.S.C. § 1988.

Defendants move to dismiss the complaint in federal court on the grounds that the federal court should abstain from interfering in an ongoing state criminal action. Plaintiff opposes the motion on the grounds that the Hunter Harassment Act is so clearly unconstitutional on its face that the federal court should intervene; that the justice court is an improper forum in which to consider a constitutional issue; and that forcing him to litigate this issue through the state court system will cause considerable delay and inconvenience.

■ Although abstention from the exercise of federal jurisdiction is the exception, not the rule, *Colorado River Conservation District v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976), abstention is appropriate if (1) there are pending state judicial proceedings, (2) the state proceedings implicate important state interests, (3) and the state proceedings provide an adequate opportunity to raise federal questions. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). However, federal intervention may be warranted if petitioner can show he comes within the special circumstances exception to *Younger* such as proven harassment by state officials, bad faith prosecutions, or extraordinary circumstances such that petitioner would suffer irreparable injury if the federal court did not intervene. *Perez v. Ledesma,* 401 U.S. 82, 85, 91 S.Ct. 674, 677, 27 L.Ed.2d 701 (1971).

■ Here, Plaintiff Lilburn focuses on the third prong of *Younger* arguing that the defendants fail to show the state proceedings provide an adequate opportunity to raise federal questions. Plaintiff suggests that the justice court where he is being prosecuted for the misdemeanor criminal offense is an inappropriate forum in which to consider constitutional questions and argues that the Montana Supreme Court has so found in *State v. Tollefson* 239 Mont. 305, 780 P.2d 621 (1989).

In *Tollefson,* the State moved for a writ of supervisory control after the Justice Court found unconstitutional the statute which provides for a rebuttable presumption on blood alcohol content in a DUI case. In *dicta,* the court pointed out that review of a constitutional question in this particular case was difficult because there was no court record and therefore questioned whether a justice court can be a proper forum for a consideration of the constitutionality of a statute. The Montana Supreme Court reviewed the Justice Court's ruling and reversed. Signifi-

cantly, the court stated that because its ruling was for the purposes of this case only, the issue could be raised again in the event the defendant was convicted and obtained a de novo trial in district court.

*Tollefson* is not persuasive on the issue of whether a justice court provides an adequate opportunity to raise a constitutional issue. The language relied upon is *dicta* and the court specifically pointed out defendant could raise the issue again in district court. Plaintiff complains that such interpretation of *Tollefson* will force him to appeal to the state district court, and state Supreme Court in order to reach federal court. Cost, anxiety, and inconvenience of having to defend against a state prosecution, however, does not preclude a federal court from abstaining from interfering in a state prosecution. *Younger*, 401 U.S. 37, 46, 91 S.Ct. 746, 751 (1971). Moreover, a state has a special interest in enforcing its own laws in its own courts. Officers of the State "are charged with the duty of prosecuting the laws of the State and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statue, unless it plainly appears that this course would not afford adequate protection." *Id.* at 45, 91 S.Ct. at 751.

Finally, the very problem of which plaintiff complains, exhausting the state process first before reaching the federal forum, is at the heart of the abstention doctrine. As the Supreme Court has stated:

> "*Younger* and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances. .... The notion of 'comity' includes 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.' .... Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights. *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)."

■ Here, Plaintiff Lilburn is presuming that the state's process will not protect his constitutional rights merely because he is in justice court. He further presumes some higher state court will not agree with his arguments on the constitutionality of the Hunter Harassment Act. Such presumptions are not warranted. Montana Judges, including justices of the peace, are subject to and bound by the federal constitution. *Pennzoil v. Texaco,* 481 U.S. 1, 15, 107 S.Ct. 1519, 1528, 95 L.Ed.2d 1 (1987).

Plaintiff also argues that because the Montana statute is so plainly unconstitutional on its face, federal intervention is warranted to stop the state from infringing upon his constitutionally protected right of free speech. The court disagrees. Hunting is a legitimate activity which the state may protect in any reasonable and constitutionally permissible manner. Although the statute may inhibit speech to some limited degree, it also protects hunters and those opposed to hunting from the very kind of harm which may have occurred when the plaintiff stepped in front of the hunter, who was pointing a loaded rifle at a bison. The goal of the statute is clearly reasonable. "The existence of a 'chilling effect', even in the area of First Amendment rights, has never been considered a sufficient basis, in and of itself, for prohibiting state action. Where a statute does not directly abridge free speech, but—while regulating a subject within the State's power—tends to have the incidental effect of inhibiting First Amendment rights, it is well settled that the statute can be upheld if the effect on speech is minor in relation to the need for control of the conduct and the lack of alternative means for doing so." *Younger* 401 U.S. at 51, 91 S.Ct. at 754 (citations omitted). Here, regulating hunting, including interference with hunting, is clearly within the State's power.

Plaintiff points out that at least one Court of Appeals has declared a hunter harassment statute unconstitutional because it interfered with free speech. *Dorman v. Satti,* 862 F.2d 432 (2nd Cir.1988) However, in *Dorman,* there was no pending state action as here, and hence the court was not faced with interfering with an ongoing criminal prosecution. Moreover, the statute involved in *Dorman*

prohibited persons from interfering with another person who was taking or *preparing to take* wildlife. The court found such language too broad because the clause "preparing to take" could be construed to encompass buying supplies long before the actual hunt takes place, consulting a road map, making plans during a workplace coffee break, or even getting a good night's sleep before embarking on a hunting trip. *Id.* at 437 (quoting district court's opinion). The particular subsection under which plaintiff Lilburn is charged, however, contains no such language but rather proscribes behavior which interferes with an individual actually engaged in the lawful taking of a wild animal. Mont. Code Ann. § 87-3-142(3).

Plaintiff has not attempted to exhaust his remedy under state law, and has not established the "special circumstances" required for federal intervention. Accordingly, this court is prohibited by principles of comity from considering his claim and request for relief.

IT IS THEREFORE ORDERED that defendants' motion to dismiss is GRANTED.